CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| James Wheeler, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00190 |
| ) | |
| N.P. Heather Greear, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plainifff James Wheeler, a pretrial detainee housed at Southwest Virginia Regional Jail and proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 contending that Defendant Heather Greear is responsible for a medication mix-up that he alleges caused him side effects. This matter is before the court on Defendant's motion to dismiss. (Dkt. 13.)

**I.    Factual and Procedural History**

Wheeler initially filed a complaint that failed to name any defendant. (Dkt. 1 at 1.) The court advised him of this defect and directed him to file an amended complaint that named a defendant and "explain[ed] how each defendant violated his federal rights." (Dkt. 3 at 1.) In response, Wheeler submitted an amended complaint. (Dkt. 4.) The amended complaint named Heather Greear[1] as the Defendant in this action, but it failed to explain how Greear violated his federal rights. (*Id.* at 1–2.) The amended complaint included only

---

[1] Wheeler spelled her name as "Greer," but the correct spelling is "Greear." (*See* Dkt. 14 at 1.) The Clerk is **DIRECTED** to change the caption of the case accordingly.

quotation marks in the factual section, which the court interprets as Wheeler's desire to incorporate the allegations in the original complaint.

The original complaint's factual allegations were sparse, consisting of only the following:

> On August 3, 2024, I received the wrong medications[,] causing severe chest pain, nausea[,] short of breath[,] and my blood pressure was through the roof.
>
> Was not seen again till August 8, 2024 no follow up treatment. At which time I was [experiencing] dizz[i]ness[;] later told it was vertigo I was [experiencing.]
>
> The attending nurse on August 3, 2024 asked me if this was my first heart attack after administering what I was lead to believe [was] nitro glycerin

(Dkt. 1 at 2–3.)

On the basis that these factual allegations failed to state a claim upon which relief could be granted, Defendant Greear filed a motion to dismiss and memorandum in support thereof. (Dkts. 13, 14.) The court sent Wheeler a *Roseboro* notice and a revised *Roseboro* notice. (Dkts. 16, 20.) Wheeler filed a response to the motion to dismiss (Dkt. 21), to which Defendant Greear replied. (Dkt. 22.) For the reasons explained below, the court will grant the motion to dismiss.

## II. Standard of Review

Wheeler brings this action *pro se,* so the court liberally construes his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the

complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

### III.    Analysis

Wheeler did not specify a legal basis for his claim, so the court assumes he asserts a claim that his constitutional rights were violated in connection with inadequate medical care. As a pretrial detainee, Wheeler's claim related to allegedly inadequate medical treatment arises under the Fourteenth Amendment not the Eighth Amendment. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("Mays alleged that the denial of medical care violated both the Eight Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Due Process Clause. But since Mays was a pretrial detainee and not a convicted prisoner, the Fourteenth Amendment, and not the Eighth Amendment, governs his claim." (internal quotation marks omitted)).

To state a claim for deliberate indifference to a medical need, a pretrial detainee must allege that (1) he or she had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed. *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). Historically, a claim for deliberate indifference required showing that the defendant actually knew of and ignored a detainee's serious need for medical care. *Id.* However, the Fourth Circuit in *Short* held "it is sufficient that the

plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable': that is . . . that the defendant should have known of that condition and that risk, and acted accordingly." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)) (internal citations omitted). Differences in opinion between an inmate and medical staff over the course of medical treatment are insufficient to state a claim of deliberate indifference. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The Fourth Circuit recently reiterated that it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee. Negligence was not enough before, and it is not enough now." *Short*, 87 F.4th at 611–12 (internal citations removed). Thus, even when an inmate has alleged facts that could support a medical malpractice or negligence claim under state law, those facts may not support a plausible claim that a prisoner's constitutional rights were violated in connection with the medical care.

Further, liability for an alleged civil rights violation is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Defendants "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.*

When there are no specific factual allegations against a defendant, dismissal is warranted. *E.g.*, *Harris v. City of Virginia Beach*, 11 F. Appx. 212, 214–15 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal

involvement); *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 13, 2019) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citation omitted).)  The complaint and amended complaint state no facts related to any actions or inactions of Greear.  Further, the few facts alleged do not indicate a plausible basis for concluding that any medical staff member was deliberately indifferent to Wheeler's serious medical need.  At most, the facts would support a claim of simple negligence, which is insufficient to support a claim under § 1983.  *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986).

In his response to the motion to dismiss, Wheeler offered additional facts.  (Dkt. 21.) Defendant Greear correctly notes that only allegations contained in the amended complaint technically should be considered (Dkt. 22 at 4), but the court has reviewed these facts to determine if Wheeler's claim would survive the motion to dismiss were the court to permit further amendment.  These additional facts still would not indicate a plausible claim of entitlement to relief.  Wheeler states that he named Greear as the Defendant because "as far as I know she is over the medical department here a[t] South West Virginia Regional Jail." (Dkt. 21 at 1–2.)  As explained above, her position as a supervisor does not, in and of itself, support a claim that she is personally liable.  Wheeler states that he has several medical conditions and that he suffered numerous side effects from the administration of the "wrong" medication.  Here, even assuming the facts identified by Wheeler in his response could satisfy prongs 1 and 4 of the *Short v. Hartman* test for deliberate indifference above, no allegations

whatsoever have been made by Wheeler that would support prongs 2 and 3. That is because Wheeler still failed to allege facts as to the actions or inactions of Greear or any facts indicating Greear's awareness of harm. The response does claim that Greear advised him when he was seen for follow-up that he was not going to be given additional testing because "anything we may have given you is now out [of] your system." (*Id.* at 1.) But this single allegation about Greear's involvement does not indicate that she was deliberately indifferent to a serious medical need in a way that caused him harm, when he was administered the medication that caused his reaction or thereafter. Because any amendmentas to the specific allgeations asserted in Wheeler's briefing would be futile, the court believes dismissal is appropriate.

## IV. Conclusion

Defendant's motion to dismiss is **GRANTED**. Because the dismissal of this action is based upon a lack of facts asserted, the court will dismiss this action without prejudice. An appropriate Order will follow.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to Wheeler.

**ENTERED** this 18th day of July 2025.

*[signature: Jasmine H. Yoon]*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE